BERTHA H. MEUSER, Respondent, *v.* LOUIS PETROSSI & SONS, INCORPORATED, Appellant.

Third Department, June 22, 1938.

*McDevitt & Stricker* [*Herbert A. McDevitt* of counsel], for the appellant.

*Andrew J. Cook* [*Francis T. Murray* of counsel], for the respondent.

RHODES, J. The complaint alleges two causes of action, one for negligence, the other for trespass, grounded upon the fact that defendant wrongfully conducted blasting operations in the street in front of plaintiff's premises and about forty-four feet distant from her house, in connection with the construction of a sewer in the village of Highland, Ulster county, N. Y., thereby damaging and rendering worthless a tiled well drilled in the rock in the basement of her home.

At the close of plaintiff's case both sides rested and moved for judgment, as appears by a statement of the court below. Findings were waived and it was agreed that the decision of the court " be the same as if it were rendered by a jury."

The complaint alleged as to the trespass, that by reason of the blasting rocks and other material were thrown upon plaintiff's property, causing damage. The defendant moved to dismiss that cause of action upon the ground that there was no evidence as to who put the stones on the property or that they resulted in damage to the property. The court dismissed that cause, the plaintiff has not appealed from such ruling and the question of trespass is, therefore, not before us. It may be pertinent, however, to point out that trespass may lie even though there be no physical entry upon the premises of the party injured.

In *Donahue* v. *Keystone Gas Co.* (181 N. Y. 313) trees in which plaintiff had an interest were damaged by gas escaping from the pipes of the gas company, the defendant. The court said: " Everyone has a right to use a public street, but no one has a right to stand in front of another's residence and play a hurdy-gurdy or foghorn hour after hour and day after day to the annoyance of the owner and his family. That would be a trespass, even if the offender did not touch the property of the abutting owner whose right to damages could not be questioned." (See, also, *Forbell* v. *City of New York*, 164 N. Y. 522; *Baumann* v. *City of New York*, 227 id. 29; *Smith* v. *City of Brooklyn*, 18 App. Div. 340.)

The subject of trespass is alluded to merely to emphasize the fact that the plaintiff's assertion of damage caused to her by actionable wrong of defendant has substance and merit, even though the failure of plaintiff to appeal precludes this court from affording relief against the trespasser.

Notwithstanding the stipulation waiving findings, the court rendered a decision containing findings of fact and conclusions of

law which recites that " the plaintiff and the defendant having entered into a stipulation in open court, waiving the right to submit proposed findings of fact and conclusions of law and consenting that the case be submitted to and decided by the court with the same effect as if the same were submitted to and a verdict found by a jury * * * I decide and find as follows."

The court therein found that by reason of the negligence of the defendant, rocks and stones were thrown upon plaintiff's property, the buildings and structures thereon were badly shaken, a concrete wall on the premises was cracked and split, " and the structure of a well in the basement of the house on said premises was badly damaged, tilted and forced out of place, including a section of the rock ledge forming the bottom of the well, and earth, stones and sewage were thrown, projected and forced into said well * * * by reason whereof the water of said well was contaminated and rendered unfit for human consumption;" and further found that the defendant had actual notice that the well was located in the same ledge of rock in which the blasting operations were being conducted.

There is sufficient evidence to sustain the finding of negligence causing the damage. (See *Smith* v. *City of Brooklyn, supra*, cited with approval in *Forbell* v. *City of New York, supra*.)

Although in the case of *Booth* v. *R., W. & O. T. R. R. Co.* (140 N. Y. 267) it was held that the defendant was not liable because the blasting operations which it carried on were properly done, the court stated the rule to be that, " If the injury was occasioned by the omission to use due care, this alone would sustain the action, even if the right of the defendant to use explosives in removing the rock was conceded."

The defendant disclaims liability, however, on the theory that the case is one involving underground and percolating waters. Without discussing the cases relied on relative to subterranean waters, the principles and rules relative thereto do not seem to have application here. This judgment is for damages to plaintiff's well, caused by defendant's negligence. (See *Booth* v. *R., W. & O. T. R. R. Co., supra*. See, also, the cases of *Smith* v. *City of Brooklyn, supra; Forbell* v. *City of New York, supra*, and *Baumann* v. *City of New York, supra*, which were cases based on trespass, but in each liability was founded upon wrongful interference with underground waters.)

The judgment should be affirmed, with costs.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment affirmed, with costs.